UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    PURE BRAZILIAN USA LLC,

                           Plaintiff,

                  -against-

    CHRISTINE MEDRICK and YVETTE
    FELIX-TSABOUKOS,

                           Defendants.
------------------------------------------------------------- X

23-CV-10946 (VSB)

**<u>ORDER</u>**

<u>VERNON S. BRODERICK, United States District Judge</u>:

        On December 18, 2023, Plaintiff Pure Brazilian USA LLC ("Pure Brazilian") commenced this action by filing a Complaint against Christine Medrick. (Doc. 1 ("Complaint").) Two weeks later, Pure Brazilian filed an Amended Complaint, adding claims against Yvette Felix-Tsaboukos. (Doc. 7 ("Amended Complaint" or "Am. Compl.").) The Court now sua sponte DISMISSES the Amended Complaint without prejudice and with leave to replead.

        Pure Brazilian's Amended Complaint predicates federal jurisdiction on the basis of diversity of citizenship. (Am. Compl. ¶ 5.) Pure Brazilian, however, is a limited liability company. (*Id.* ¶ 2.) Although the Amended Complaint identifies Pure Brazilian's principal place of business, it does not plead the citizenship of each of Pure Brazilian's constituent members. The Amended Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties"). Accordingly, on its face, the Amended Complaint fails to properly plead the existence of diversity jurisdiction. When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-cv-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-cv-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, Pure Brazilian's Amended Complaint is DISMISSED without prejudice and with leave to replead. Pure Brazilian's motion for a temporary restraining order and preliminary injunction is DENIED as moot.

Pure Brazilian has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If Pure Brazilian fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action. The Clerk of Court is respectfully directed terminate the motion pending at Doc. 14.

SO ORDERED.

Dated: January 30, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge