IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PURE BRAZILIAN USA LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTINE MEDRICK and<br>YVETTE FELIX-TSABOUKOS,<br><br>        Defendants. | Civil Action No.: 1:2023-cv-10946 |

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

Upon the annexed declaration of Joseph Indig, dated January 25, 2024, and the annexed memorandum of law in support filed by Plaintiff Pure Brazilian USA LLC ("Plaintiff"), dated January 31, 2024, it is

ORDERED, that the above-named Defendant Christine Medrick show cause before this Court at Room ___ of the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street, New York, New York 10007, on _____, 2024 at _____ o'clock thereof, or as soon thereafter as counsel may be heard, why an order should not be issued (i) pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining and restraining her or her agents during the pendency of this action from: (1) purchasing, selling, or otherwise exchanging Plaintiff's products; (2) contacting or otherwise communicating with any of Plaintiff's distributors, servicers, and partners; (3) holding Defendant Medrick out as an owner, distributor, or any other affiliate of Plaintiff, its brand, or its products, and (4) making any statements regarding the quality, availability, or legality of Plaintiff's products; and (ii) pursuant to 28 U.S.C. § 1335 and Fed. R.

Civ. Pro. 22, permitting the interpleader/deposit into Court of the funds alleged owed under the promissory note between Plaintiff and Defendant Medrick; and it is further

ORDERED that sufficient reason having been shown therefor, pending the hearing and determination of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant Medrick and her agents are temporarily restrained and enjoined from (1) purchasing, selling, or otherwise exchanging Plaintiff's products; (2) contacting or otherwise communicating with any of Plaintiff's distributors, servicers, and partners; (3) holding Defendant Medrick out as an owner, distributor, or any other affiliate of Plaintiff, its brand, or its products, and (4) making any statements regarding the quality, availability, or legality of Plaintiff's products; and it is further

ORDERED that sufficient reason having been shown therefor, pending the hearing and determination of Plaintiff's interpleader application, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. Pro. 22, Plaintiff shall timely deposit into Court all sums due and owing under the promissory note between given by Plaintiff to Defendant Medrick; and it is further

ORDERED that no security shall be required to be posted by the Plaintiff; and it is further

ORDERED that a copy of this Order, together with the papers upon which it is granted, be served upon Defendant Medrick via email to her counsel who have contacted Plaintiff's counsel, to William Igbokwe at will@iwlaws.com and to Thomas Abrams at tabrams@tabramslaw.com, on or before _____, 2024, and that such service shall be deemed good and sufficient.

Dated: February ___, 2024
      New York, New York

E N T E R

_____
USDJ